1

2

3

4                                                    **E-FILED on** _7/1/09_____

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   KIMBERLY A. BROCKINGTON, also          No. C-08-05795 RMW
     known as KIMBERLY A. SCHATZ, and
13   LALLY BROCKINGTON,

14                Plaintiffs,

15        v.                                 ORDER GRANTING DEFENDANT'S
                                             MOTION TO DISMISS FIRST AMENDED
16   J.P. MORGAN CHASE BANK, N.A., a         COMPLAINT AND DENYING
     National Banking Association, NDEX      PLAINTIFFS' REQUEST FOR JUDICIAL
17   WEST, LLC, a Texas Limited Liability    NOTICE
     Company, and DOES 1 to 20, inclusive,
18                                           **[Re Docket No. 29]**
                  Defendants.
19

20

21        On June 26, 2009, the court heard defendant J.P. Morgan Chase Bank N.A.'s motion to

22   dismiss plaintiffs' First Amended Complaint. Having considered the papers submitted by the

23   parties and the arguments of counsel, and for good cause appearing for the reasons set forth below,

24   the court grants defendant's motion to dismiss.

25                              **I.  BACKGROUND**

26        Plaintiffs Kimberly A. Brockington and Lally Brockington filed this action in Santa Clara

27   County Superior Court, asserting four causes of action arising out of a home refinancing

28   transaction in which defendant J. P. Morgan Chase Bank, N.A. ("JP Morgan") was the lender.  As

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND DENYING PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE—No. C-08-05795 RMW
TER

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  initially pleaded, the four causes of action were: Violation of Section 17200 of the California

2  Business and Professions Code; Violation of the federal Truth in Lending Act (15 U.S.C. § 1601 et

3  seq.) and Federal Reserve Regulation Z (12 C.F.R. §226 et seq.); Violation of the federal Real

4  Estate and Settlement Procedures Act (12 U.S.C. §2601 et seq.) and Federal Reserve Regulation X

5  (24 C.F.R. §3500 et. seq.) and for the tort of concealment under California Civil Code §§1709-

6  1710.  Defendant J.P. Morgan removed the action to this court under 28 U.S.C. §1441(b) pursuant

7  to the court's federal question jurisdiction and thereafter moved to dismiss for failure to state a

8  claim.

9       The court granted the motion to dismiss and also granted plaintiffs leave to amend.

10  Plaintiffs subsequently filed the First Amended Complaint, abandoning the TILA and RESPA

11  claims, and asserting three causes of action: 1) violation of Section 17200, 2) concealment; and 3)

12  injunctive relief.  Defendant JP Morgan has again moved to dismiss under Rule 12(b)(6) of the

13  Federal Rules of Civil Procedure.

14       Kimberly Brockington is the daughter of Lally Brockington and A.J.  The three together

15  live in a home commonly known as 4939 Arundel Court in San Jose, CA and have lived there for

16  the last 32 years.  The First Amended Complaint alleges that Lally "is the equitable owner of the

17  property" who "transferred title to Kim on April 5, 2005 in order that Kim's credit be used to

18  qualify for refinancing the property for the purpose of paying tax liens and lowering loan interest

19  by repaying existing loans.  No consideration was paid by Kim to acquire title to the property."

20  First Amended Complaint ("FAC") ¶12.  In November 2006, the outstanding mortgage was

21  $493,000 and was  only in Kim's name.  FAC¶14.

22       Vincent Eppstein was a family friend who managed Kim and Lally's finances and acted for

23  them as trustee. FAC ¶15.  Eppstein's sister, Fran Davis, was a real estate licensee working for

24  Capitol Mortgage Corporation, a licensed California Real Estate Broker.  Id.  In November 2006,

25  Eppstein advised Kim that he and Davis had applied for and arranged for a loan on the property

26  because plaintiffs were running out of funds for living expenses and had exhausted funds from the

27  previous refinancing.  FAC¶15.  Eppstein represented that the paperwork had already been

28  prepared for the loan and that Kim should be prepared to go with him to escrow for signing papers

United States District Court
For the Northern District of California

1   for the loan.  *Id.*  Kim accompanied Eppstein to the signing meeting at the title company, was

2   given documents to execute without time to review them.  FAC¶16.  The application was for a 30-

3   year fixed-rate loan, in the principal amount of $612,000, at an interest rate of 7.75%.  The

4   complaint further alleges that "nothing was said to Kim regarding how much Davis or others were

5   receiving in loan fees" and that "Kim has no recollection of receiving or executing a right of

6   rescission acknowledgment."  Id.  It further alleges that at the time of execution of the documents,

7   "Kim did not notice that the application contained no information regarding her income."  Id.

8        At the time of the close of escrow, Kim informed Eppstein and Davis that she and her

9   parents could not sustain the $4,261.71 per month payments.  FAC¶16.  Eppstein and Davis stated

10  that there was enough in the remaining funds from the loan to supplement the family's income to

11  cover payments for several years.  Id.  Plaintiffs subsequently discovered that Chase paid Davis

12  $8,886.24 in previously undisclosed fees as an inducement and encouragement to make the loan.

13  FAC ¶21.

14       The loan funded on or about November 14, 2006, and proceeds of $111,033.90 were

15  deposited into an account controlled by Eppstein, but within 60 days had disappeared from the

16  account.[1]  Plaintiffs were unable to pay the monthly payments on the loan. FAC ¶19.

17       In July 2007, defendants JP Morgan and NDEX West recorded a Notice of Default and

18  commenced foreclosure proceedings. FAC ¶20.  Foreclosure sale was set for November 24, 2008,

19  but was forestalled by the filing of this action and by plaintiffs initially obtaining an order

20  enjoining the sale pending hearing on a preliminary injunction, which has since been denied.

21  **II.  ANALYSIS**

22       Rule 12(b)(6) allows a defendant to seek dismissal for failure to state a claim upon which

23  relief can be granted.  FRCP 12(b)(6).  Such a motion tests the legal sufficiency of a claim.  In

24  considering a motion under Rule 12(b)(6), the court must construe the complaint in the light most

25  favorable to the plaintiff, accept as true all material allegations in the complaint as well as

26  reasonable inferences to be drawn from them, and determine if those facts, if proven, would

27

28  [1]  Despite their involvement in the facts and circumstances underlying this lawsuit, Plaintiffs have not sued Eppstein or Davis in this action.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND DENYING PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE—No. C-08-05795 RMW
TER                   3

**United States District Court**
For the Northern District of California

1   establish a valid claim for relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive

2   a motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, to state a

3   claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

4   (quoting *Twombly,* 550 U.S. at 570).

5          1.  Dismissal of all Claims by Plaintiff Lally Brockington for Lack of Standing

6          JP Morgan first seeks dismissal of all claims asserted by plaintiff Lally Brockington on the

7   ground that Lally Brockington does not have standing to assert any claims, renewing the

8   arguments it made in the first motion to dismiss.

9          Like the original Complaint, the First Amended Complaint, alleges that Kim Brockington

10  holds title to the property, that Lally Brockington is the "equitable owner" of the property and that

11  title was transferred to Kim "in order that Kim's credit be used to qualify for refinancing the

12  property for the purpose of paying tax liens and lowering loan interest by repaying existing loans."

13  FAC ¶12.  Kim Brockington appears to be the sole named borrower on the 2006 refinancing

14  transaction that underlies the present dispute.  The only newly alleged fact is that no consideration

15  was paid by Kim to acquire title to the property.  FAC ¶12.

16         The issue thus is whether Lally Brockington, as the alleged "equitable owner" of the

17  property, has standing to challenge the conduct and representations allegedly made during the

18  underlying refinance transaction to which she was not a party.  Defendant argues that because

19  Lally is not an owner of the property, nor a borrower on the loan, she has no standing to assert any

20  legal claim arising out of the loan transaction or the lender's efforts to seek enforcement.

21  Plaintiffs argue in opposition that because Lally Brockington is the equitable owner of the

22  property, she is a real party in interest with standing to assert claims.

23         A plaintiff's standing to sue is fundamental to federal court jurisdiction – absent standing,

24  there is no case or controversy under Article III of the Constitution.  *United States v. Hays*, 515

25  U.S. 737, 742 (1995).  "Standing does not refer simply to a party's capacity to appear in court.

26  Rather, standing is gauged by the specific common law, statutory or constitutional claims that a

27  party presents; i.e., 'whether the particular plaintiff is entitled to an adjudication of the particular

28  claims asserted.'"  Schwarzer, Tashima and Wagstaffe, Federal Civil Procedure Before Trial,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND DENYING PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE—No. C-08-05795 RMW
TER                                                                      4

§2:1204, quoting *Allen v. Wright*, 468 U.S. 737, 752 (1984) (emphasis added by treatise).  The

three claims asserted in the First Amended Complaint are:

    1)  violation of California's Unfair Competition law (Section 17200 of the Business and

        Professions Code) relating to defendant's lending practices;

    2)  concealment under California Civil Code Section 1709-1710, the gravamen of which is

        defendants' alleged concealment of facts relating to the true monthly mortgage

        obligation, the true interest rate of the loan, and other aspects of the loan transaction

        including the alleged creation of an agency relationship with the mortgage broker; and,

    3)  injunctive relief to prevent the foreclosure of the property.

      Lally Brockington was not a party to the loan transaction and has no standing to challenge

defendant's conduct in connection with extending the mortgage loan to Kimberly Brockington, or

to assert a claim for unlawful concealment of facts by the defendants in such transaction to which

she was not a party.  She has no standing to assert a claim for injunctive relief because, as noted

below, "injunctive relief" is a remedy, not a separate cause of action, and must be predicated upon

a substantive claim.  Accordingly, defendant's motion to dismiss the claims asserted by plaintiff

Lally Brockington is GRANTED.  Plaintiff Lally Brockington has already had one opportunity to

amend the complaint and it appears that further amendment would be futile.  Therefore, the claims

of Plaintiff Lally Brockington are dismissed without leave to amend.

      2.    <u>Defendant's Motion to Dismiss the First Cause of Action under California Business
           & Professions Code Section 17200, et seq</u>.

      Defendant seeks dismissal of the First Cause of Action for unfair competition under

Section 17200 of the California Business and Professions Code.  Defendant asserts several

grounds for dismissal.

      A.  <u>Lack of Standing</u>

      Defendant first argues that plaintiff Kim Brockington does not have standing to assert a

claim under Section 17200 because she has failed to allege that she has suffered any actual injury

or damage and instead alleges only that she is suffering the <u>threat</u> of injury or damage, which is

insufficient.  Defendant cites *Californians for Disability Rights v. Mervyn's LLC*, 39 Cal.4th 223,

**United States District Court**
For the Northern District of California

228 (2006), for the proposition that a plaintiff who alleges that she will suffer the prospect of

injury, rather than having already suffered injury in fact, does not have standing to assert a claim

under the statutory Unfair Competition Law.

Plaintiff does not directly address this argument in opposition, arguing instead that

*Californians for Disability Rights* stands only for the proposition that the change in Section 17200

effectuated by Proposition 64 "was to limit abuses by prohibiting private attorneys from filing

lawsuits for unfair competition where they have no client who has been injured in fact."

Opposition at 5 (citations and internal quotations omitted).  Plaintiff goes on to argue that in this

case,

> "plaintiffs are clients (not attorneys) who have been injured in fact.  Due to the acts
> of Chase and its agents in making the subject loan, plaintiffs have sustained
> monetary losses of $111,033.90 in loan proceeds never received,[2] on a loan that was
> unnecessary for them.[3]  In addition, plaintiffs have sustained monetary loss for
> higher than usual interest in this subprime adjustable rate mortgage.[4]  As will be
> seen, if not for Chase's unlawful, unfair and fraudulent business acts and practices,
> plaintiffs would not have agreed to or even obtained this loan and would not have
> agreed to the loan interest and payments.[5]"

---

[2]  Plaintiff's argument appears to be contradicted by other allegations in the First Amended Complaint.  The loan proceeds were paid to an account controlled by Eppstein (FAC ¶19) who is elsewhere alleged to be managing plaintiff's finances and acting for plaintiff as a trustee (FAC ¶14). The funds were later misappropriated.  FAC ¶19.  Fairly read, these allegations appear to admit that plaintiff constructively received the loan proceeds when they were paid to Eppstein, her trustee. Defendant does not raise this issue, however.

[3]  This assertion, too, is contradicted by other allegations.  Paragraph 15 alleges that Eppstein advised plaintiff he had applied for the new loan because plaintiffs were running out of living expenses and has exhausted the funds from the prior refinancing.

[4]  This assertion, too, is somewhat contradicted by the allegations in Paragraph 16 of the First Amended Complaint that the interest rate was 7.75% on a 30-year fixed mortgage, without any indication that the rate was "higher than usual."

[5]  This assertion also appears to be contradicted by allegations in the First Amended Complaint. Paragraph 16 alleges that at the time of escrow closing, plaintiff was aware that she and her parents could not sustain the required monthly payment of $4,261.71, but that "Eppstein and Davis said that there was enough in remaining funds from the loan to supplement the family's income to cover

**United States District Court**
For the Northern District of California

1    Opposition at 6.

2         *Californians for Disability Rights* does not draw a distinction, as defendant suggests,

3    between plaintiffs who have suffered actual injury and plaintiffs who are facing threatened injury,

4    although it does note that the revision to the law precludes an uninjured private person from suing

5    for restitution on behalf of others.  39 Cal.4th at 232.  Nevertheless, a review of the First Amended

6    Complaint in light of Business & Professions Code Section 17204, demonstrates that plaintiff does

7    not have standing.

8         Under Section 17204, a private person has standing to sue only if he or she "has suffered

9    injury in fact and has lost money or property as a result of such unfair competition."  Cal. Bus. &

10   Prof. Code §17204.  Case law has construed the statute to require both an injury in fact as well as

11   the loss of money or property.  *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171

12   Cal.App.4th 1, 22 (2009); *Animal Legal Defense Fund v. Mendes*, 160 Cal.App.4th 136 146-47

13   (2008) (plaintiff must have suffered economic injury to have standing).  Moreover, the loss of

14   money or property must be of a type that is eligible for restitution.  *Id.*; *Buckland v. Threshold*

15   *Enters.*, 155 Cal.App.4th 798 (2007).  A plaintiff who cannot allege having suffered losses which

16   would entitle her to restitution has no standing to pursue a cause of action for unfair competition.

17   *Citizens of Humanity*, 171 Cal.App.4th at 22.

18        The First Cause of Action does not contain allegations that plaintiff has suffered any losses

19   which would entitle her to restitution, although paragraph 24 identifies the "on-going threat of

20   injury to plaintiffs by loss of their principal residence and all equity therein" along with the

21   threatened foreclosure as harm that plaintiff faces.  Notably, plaintiff also does not seek

22   restitutionary relief. Additionally, it does not appear that the economic injuries she asserts in her

23   opposition papers would entitle her to restitution.  Plaintiff argues that in the absence of

24   defendant's unfair/unlawful conduct, she would not have entered into the transaction, that she

25

26   payments for several years."  FAC ¶16.  Plaintiff thus alleges that she went through with the escrow
     knowing that she could not afford the loan.  Her subsequent allegations that she would not have
27   entered into the loan had defendant disclosed the "true facts" regarding defendant's payment of a
     yield spread premium, etc., seem to be contradicted by Paragraph 16.  Again, however, Defendant
28   does not raise this issue.

1    would not have suffered the loss of $111,033.90 in loan proceeds, suffered higher than usual

2    interest rates, or face the prospect of foreclosure.  Opp. at 6.  The misappropriated loan proceeds,

3    however, cannot be restored to her via restitution, particularly where there is no allegation that

4    defendant misappropriated the funds.  The economic harm in the form of "suffering higher than

5    usual interest rates" could arguably suffice, but there is no allegation to that effect in the First

6    Amended Complaint. (See footnote 4, *supra*).  Finally, the prospect of foreclosure does not give

7    rise to restitution, given the admissions that the loan proceeds were received by plaintiff's trustee

8    and were thereafter misappropriated, an intervening cause that precipitated her inability to make

9    the loan payments.   FAC ¶16

10          Accordingly, plaintiff has not alleged a loss of  money or property as a result of the unfair

11   competition which would entitle her to restitution and therefore does not have standing to pursue a

12   cause of action for unfair competition under Section 17200.  *Citizens of Humanity*, 171

13   Cal.App.4th at 22.

14                    B.    Adequacy of Other Allegations:

15          Defendant also challenges the adequacy of the substantive allegations underlying the first

16   cause of action.  The court agrees that the claim is not sufficiently pleaded.

17          The First Amended Complaint does not allege the specific conduct of defendant JP Morgan

18   Chase that plaintiff contends is unlawful, unfair, or fraudulent.  Paragraph 23 recites a litany of

19   general practices but does not allege which of these practices defendant is alleged to have engaged

20   in with regard to the particular transaction involving plaintiff.  Moreover, although Paragraph 23

21   recites that defendant's conduct violates TILA, RESPA, California Business & Professions Code

22   Section 17500 et seq., "and other applicable statutes," the amended complaint does not allege the

23   facts underlying these alleged violations of law.  Plaintiff has not identified what facts give rise to

24   a violation of TILA, or of RESPA, or of Section 17500, much less "other applicable statutes."  For

25   example, although the First Amended Complaint identifies defendant's payment of a yield spread

26   premium to the mortgage broker, a fact that plaintiff focused on heavily at oral argument, there is

27   no allegation that such a payment was unlawful or not in compliance with the statutory and

28   regulatory authorities.  The pleading, as it stands, does not fairly apprise defendant JP Morgan

United States District Court
For the Northern District of California

1   Chase of the accusations against it arising out of the transaction involving plaintiff.  Accordingly,

2   it is appropriate to grant the motion to dismiss.

3        Plaintiff is granted leave to amend to allege the specific facts demonstrating the underlying

4   conduct that is alleged to be unlawful, or unfair, or fraudulent.

5        3.        <u>Defendant's Motion to Dismiss the Second Cause of Action for Concealment.</u>

6        Defendant also seeks dismissal of the Second Cause of Action for Concealment on the

7   basis that defendant owed no duty of disclosure to plaintiff.  Defendant cites *Nymark v. Heart*

8   *Federal Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1096 (1991), for the proposition that "as a

9   general rule, a financial institution owed no duty of care to a borrower when the institution's

10  involvement in the loan transaction does not exceed the scope of its conventional role as a mere

11  lender of money...."  Defendant also cites *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476

12  (1989), for the proposition that there is no fiduciary relationship between a bank and its loan

13  customers.  Motion at 7.  Without a duty to disclose, defendant cannot be liable for concealment.

14  BAJI 12.35 (8th ed.) (identifying elements of concealment, including a duty to disclose).

15       Plaintiff does not meaningfully distinguish the legal authorities cited by defendant,

16  although she notes, without elaboration, that *Nymark* "restated a five part test regarding whether a

17  lender could be come a fiduciary."  Opp. at 11.   Plaintiff relies heavily on the assertion that the

18  mortgage broker was a dual agent of both plaintiff and defendant as a result of the payment of the

19  yield spread premium, which she contends is sufficient to create a duty owed to her by the

20  defendant to disclose all that was allegedly concealed.

21        Plaintiff, however, has cited no legal authority for the proposition that the mere payment

22  of a yield spread premium to the broker renders the broker a dual agent of both the borrower and

23  the lender.   Moreover, a further deficiency in the concealment claim, although one not argued by

24  defendant, is that the factual allegations that plaintiff knew she could not afford the mortgage

25  payments but signed the documents at escrow and proceeded with the transaction anyway (FAC

26  ¶16) contradict the subsequent allegation that plaintiff "reasonably relied on defendants' deception

27  in proceeding with the loan." FAC ¶32.  An essential element of a claim of concealment is that the

28  plaintiff would not have acted the way she did, had she known the concealed facts.  BAJI No.

**United States District Court**
For the Northern District of California

12.35.  Here, the First Amended Complaint alleges that plaintiff had been advised by her trustee (Eppstein) that she was out of funds for living expenses and that he had arranged for a refinance on the property (FCA ¶15), that she knew she could not afford the new loan payments but that Eppstein advised her the loan proceeds would be available to supplement the payments for several years (FAC ¶16) and that she proceeded with the loan.  Having alleged these facts, the subsequent allegation at paragraph 32 that she would not have proceeded with the loan had the defendants not concealed their lending practices is not plausible and, therefore, plaintiff has not adequately pleaded that she is entitled to relief under a claim for concealment.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009).

The Second Cause of Action for Concealment is deficient.  Under *Nymark* and *Price*, there is no fiduciary duty owed between a lender and a borrower, and without a duty to disclose, defendant cannot be liable for concealment.  BAJI 12.35 (8th ed) (identifying elements of concealment, including a duty to disclose).  Plaintiff cannot state a claim against defendant for concealment where defendant had no duty to disclose.  Plaintiff also cannot state a claim for concealment where the facts, as pleaded, do not give rise to a plausible claim.  Accordingly, the motion to dismiss the Second Cause of Action for Concealment is granted.

4.  Defendant's Motion to Dismiss the Third Cause of Action for Injunctive Relief

Defendant seeks dismissal of the Third Cause of Action for Injunctive Relief on the basis that plaintiffs have failed to demonstrate how defendant is liable under any of the claims asserted, and therefore is unlikely to prevail on the merits at trial.  Motion at 8.  Plaintiff does not directly address its Third Cause of Action, although it seeks to "renew" its prior motion to enjoin the foreclosure.  Opposition at 13.

The court agrees that the Third Cause of Action fails to state a claim.  Injunctive relief is a remedy, not a separate cause of action.  *Shamsian v. Atl. Richfield Co.*, 107 Cal. App.4th 967, 984-85 (2003); *Mamerto v. Deutsche Bank Nat. Trust Co.*, 2009 WL 1582911 (S.D. Cal. June 4, 2009); *Watts v. Decision One Mortgage Co.*, 2009 WL 1657424 (S.D. Cal. June 11, 2009).  Accordingly, the third cause of action is dismissed.

1    5. <u>Plaintiff's Request for Judicial Notice</u>

2         In connection with her opposition papers, plaintiff submitted a request for judicial notice

3 asking the court to take judicial notice of Complaints filed in two other actions not involving the

4 parties to the present lawsuit, an article regarding a settlement of the Illinois lawsuit, and an

5 Assignment of Deed of Trust.  The request is denied.  Judicial notice of the complaints and

6 settlement does not appear to be proper under Rule 201(b) of the Federal Rules of Evidence.

7 Judicial notice of the Assignment of Deed of Trust does not appear to be necessary at this time.

8

9                              **III.  ORDER**

10        For the foregoing reasons, the court grants and denies the motions as follows:

11   1.    Defendant's motion to dismiss the claims of plaintiff Lally Brockington for lack of

12         standing is GRANTED, without leave to amend.

13   2.    With regard to the claims asserted by plaintiff Kimberly Brockington, Defendant's

14         motion to dismiss the First and Second Causes of Action is GRANTED with twenty

15         days leave to amend;

16   3.    Defendants motion to dismiss the Third Cause of Action is GRANTED without

17         leave to amend (this does not preclude plaintiff from seeking injunctive relief on

18         remaining causes of action if they are successfully state a claim for such relief); and

19   4.    Plaintiffs' Request for Judicial Notice is DENIED.

20

21

22 DATED:      7/1/09

23                                  RONALD M. WHYTE
                                    United States District Judge

24

25

26

27

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiffs:**

3  John Stuart Perkins          johnsperkins@sbcglobal.net

4

5  **Counsel for Defendants:**

6  John M. Sorich              jsorich@adornocom
   S. Christopher Yoo          cyoo@adorno.com

7

8  Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

9

10

11  **Dated:**    7/1/09                              TER
                                            **Chambers of Judge Whyte**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND DENYING PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE—No. C-08-05795 RMW
TER                                          12